### The People of the State of Illinois, Defendant in Error, v. Edward Mars, Plaintiff in Error.

### Gen. No. 19,507. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed March 26, 1914.

## Statement of the Case.

Information signed and sworn to by Laura Ebel and filed in the Municipal Court against Edward Mars alleging that the defendant was the father of four dependent minor children and neglected to remove the condition which rendered said minor children dependent, though able to do so. The information was filed under section 42hb, ch. 38, Hurd's R. S. 1912, J. & A. ¶ 3580. Defendant was arrested on a *capias* and pleaded not guilty. A jury found the defendant guilty in the manner and form as charged in the information, and the court adjudged that the defendant pay to his wife, Mary Mars, for her use, the sum of ten dollars weekly for one year, and that defendant be given leave to enter into a recognizance in the sum of eight hundred dollars payable to the People for the use of his wife, etc. To reverse the judgment, defendant prosecutes error.

Defendant urges as ground for reversal: (1) That defendant did not have a jury trial as guaranteed by the Constitution of the State, in that a name appears among the names of the jurors who signed the verdict which does not appear among the names of the jurors impaneled to try the cause; (2) that the trial court erred in the manner in which it conducted the trial while one of defendant's witnesses was on the stand; and (3) that the verdict is not supported by the evidence.

HARRY BIOSSAT, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. INFANTS, § 5a*—*when conviction for contributing to dependency of minor children sustained by evidence.* On information filed under section 42hb, ch. 38, Hurd's R. S. 1912, J & A. ¶ 3580, charging defendant with neglecting to remove a condition which rendered his minor children dependent, a finding of guilty *held* sustained by the evidence.

2. CRIMINAL LAW, § 554*—*when examination of witness by court not reversible error.* Action of trial court in asking certain questions of one of defendant's witnesses while such witness was being examined by defendant's counsel, *held* not to so control the examination of the witness to the prejudice of defendant as to amount to reversible error.

3. CRIMINAL LAW, § 463*—*when variance as to name of juror in transcript of record obviated by additional transcript.* Where it appears from the original transcript of the record that the name of one of the jurors impaneled to try the cause was "W. J. Paterson," while the name of one of the jurors who signed the verdict was "W. J. Peterson," an objection that defendant did not have a jury trial as guaranteed by the Constitution, *held* to be without merit where, after the briefs of counsel for defendant had been filed, the counsel for the People by leave of court filed an additional transcript in which the trial judge certified that he had examined the record and that the name "W. J. Paterson" appeared as one of the jurors who signed the verdict.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.